IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NORMAL ALBERT PARADA,**

                **Plaintiff,**

      v.                         CASE NO.  07-3132-SAC

**J. SHIELDS,**

                **Defendant.**

## MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Leavenworth Correctional Center, Leavenworth, Kansas (LCC). The LCC is owned and operated by the Corrections Corporation of America (CCA).

Plaintiff has requested leave to amend and/or supplement his complaint (Doc. 3), even though at this juncture he is entitled to amend without leave of court. In any event, the court grants his motion and directs that the supplement/amendment to his complaint, which is attached to his motion, be filed. The court has not considered the original complaint (Doc. 1) as replaced by the amendment/supplement (Doc. 3). Instead the additional defendant, allegations, and requests for relief in the supplement/amendment have been considered along with the original complaint.

Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), but has not included the documentation required by statute. 28 U.S.C. §1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for

the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). Plaintiff will be given time to submit a certified copy of his inmate account in accord with Section 1915(a)(2). This action may not proceed until he has complied with Section 1915(a) or submitted the filing fee of $350.00[1]. If plaintiff does not submit the documentation or the fee within the time prescribed, this action may be dismissed without further notice.

Because Mr. Parada is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v.</u>

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full district court filing fee in this civil action of $350.00. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Even though plaintiff states in his complaint and amendment that the named defendants, J.Shields and Cindy Collins, were acting under color of state law; facts alleged in the complaint indicate otherwise. Plaintiff alleges that defendant J. Shields was employed as "CCA Mail Room Staff" and that defendant Cindy Collins was employed as grievance officer at the federal holdover center in Leavenworth. The CCA is a private corporation and employees of the CCA facility are not state employees. No facts are alleged indicating defendant CCA employees were acting under color of state law.

Furthermore, plaintiff complains of a single incident in which he alleges his legal mail was opened and held. He alleges that on March 4, 2007, he sent an outgoing letter to his attorney in Topeka marked "legal mail," and that he received the letter back over 40 days later with the envelope opened. He asserts that this action was illegal, that the attorney/client privilege was violated, and his freedom was jeopardized. Plaintiff requests a declaratory judgment that he has a constitutional right to have his legal mail opened and inspected only in his presence, that defendants have violated his civil rights under the First and Fourteenth Amendments, and that defendants have violated his right to due process and his

access to the courts.  He also seeks an injunction against defendants delaying his legal mail or opening it out of his presence in the future without justification.  He claims entitlement to nominal damages of $100,000 and punitive damages of $100,000 from each defendant.

A prison's practice of routinely opening inmate legal mail, outside an inmate's presence, has been found to violate the United States Constitution.  See Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995)(prison's "pattern and practice" of opening confidential legal mail outside of inmate's presence infringes upon inmate's First Amendment rights and access to the courts); Muhammad v. Pitcher, 35 F.3d 1081 (6th Cir. 1994).  However, the Tenth Circuit Court of Appeals and other circuits have held that an isolated instance of opening inmate legal mail outside of the inmate's presence, does not violate the Constitution.  See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)(isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts, does not give rise to a constitutional violation"); Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989)(prison guard's opening of inmate's legal mail outside of the inmate's presence was, at most, negligence, and did not reach the level of intent necessary for constitutional violation); Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997)(isolated, single instance of opening incoming confidential legal mail does not support a constitutional claim).

In this action, Mr. Parada does not allege that his legal mail is routinely opened outside his presence or that his legal mail has

been opened and delayed on more than the one occasion. Such an isolated incident, without any evidence of improper motive or resulting interference with Parada's right to counsel or to access to the courts, does not give rise to a constitutional violation. Maschner, 899 F.2d at 944. To state a claim of denial of access plaintiff must allege that defendants actions in some manner hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996) Plaintiff makes no such allegation.

Plaintiff shall be given time to show cause why this action should not be dismissed for failure to state a claim of federal constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend/Supplement his complaint (Doc. 3) is granted, and the clerk is directed to file his Amendment/Supplement to his complaint, which is attached to the motion.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30)days in which to submit a certified statement of his inmate account in support of his Application to Proceed Without Prepayment of Fees, and to show cause why this action should not be dismissed for the reasons stated in the foregoing Memorandum and Order.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge